■ In the Matter of Andrew Klein, an Attorney, Respondent. Harold M. Spitzer, Petitioner.— In this proceeding to discipline an attorney, petitioner moves to confirm the report of the Justice of the Supreme Court to whom this court referred the issues for hearing and report. The charges against respondent (who was admitted to the Bar by this court on October 22, 1947), set forth in the petition herein, are with respect to his conduct concerning two real property conveyances for a client, which were intended to circumvent the client's creditors, and false testimony given by him as to the conveyances. In his two affidavits herein, respectively in answer to the petition and in answer to the instant motion, respondent admitted the charges and asked for the mercy of the court; he offered no defense at the hearing. The reporting Justice has found respondent guilty of all the charges. The charges, in greater detail,

are that in the fall of 1959 respondent, knowing that his client was being sued for $500,000, but was covered therefor by liability insurance for not more than $10,000, drafted and had his client execute two deeds, each as to a respective parcel of real property in which the client owned an interest, to the client's wife as grantee, dated them and his own certification, as a notary public, of the client's acknowledgments respectively as in 1956 and 1958, and caused them to be recorded, all "with the intent to place the aforementioned properties beyond the reach of a possible creditor or creditors of" the client's; that respondent, in order to conceal said backdating, falsely testified at a trial in 1967 in the Supreme Court, Nassau County, that the deeds actually had been executed on the dates set forth therein; that he gave similar false testimony in 1968 before the Judicial Inquiry on Professional Conduct in Nassau County (he later, still before the Judicial Inquiry, recanted this false testimony). The report before us also contains findings that respondent is "contrite"; that the scheme in question did not originate with him; that his participation therein "was not the action of a lawyers [sic] given to fraudulent, illegal or unethical practices, but rather a weak lawyer who permitted himself to be dominated by his client"; that he "derived no benefit, monetary or otherwise" therefrom; that, in both instances of false testimony, respondent "was in a state of absolute confusion and bewilderment and was incapable of coping sensibly and competently with the problem confronting him"; and that respondent had had "some serious personal problems at home, particularly about the time of his [false] testimony * * * [in 1967], which were presented by his wife's physical and mental condition." Respondent also submitted written character references from persons "with whom he has been associated in religious and civic activities." The motion to confirm the report is granted and respondent is found guilty of the charges. On the basis of all the facts and circumstances herein, it is our opinion that suspension from the practice of law for a year would be an appropriate and suitable discipline to be imposed upon respondent. Accordingly, respondent is suspended from the practice of law for a period of one year, commencing May 15, 1969. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.